IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| WILLIAM LEON ELLIS | * |
| Petitioner, | * |
| v. | *   2:04-CV-49-WKW |
| | (WO) |
| RALPH HOOKS, WARDEN, *et al*., | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by William Ellis ["Ellis"] on 19 January 2004. Ellis challenges a conviction for first-degree robbery entered against him on 18 November 1999 by the Circuit Court for Montgomery County, Alabama. On 6 January 2000 the trial court sentenced Ellis to 25 year's imprisonment.

Ellis appealed his robbery conviction. The Alabama Court of Criminal Appeals affirmed the conviction on 19 May 2000 and denied Ellis's application for rehearing. The Alabama Supreme Court denied Ellis's petition for writ of certiorari and issued a certificate of judgment on 18 August 2000. Ellis did not further appeal his conviction and it therefore became final by operation of law on 16 November 2000. (*See* Doc. No. 8, Exhs. 2-5.)

Pursuant to the orders of this court, respondents filed an answer in which they argue

that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Ellis's conviction became final in 2000- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Ellis filed a Rule 32 petition in June 2001 and a second Rule 32 petition in August 2002.  They argue, however, that even if the court allows a tolling of the limitation period in 28 U.S.C. § 2244(d)(1) during the pendency of these state post-conviction petitions, the limitation period expired prior to the date Ellis filed his federal habeas petition. (Doc. No. 8 at pgs. 7-8.)  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on respondents' argument, the court entered an order advising Ellis that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 10.)  The order also advised Ellis to show cause why his petition should not be barred from review. (*Id*.)  Ellis filed his response on 24 January 2006.  (Doc. No. 15.)  Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief should be denied because it was not filed within the one-year period of limitations.

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

## II.  DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.  28 U.S.C. § 2244(d)(1).[2]  Respondents maintain that Ellis's habeas petition is time-barred because it was not filed within the one-year "grace period" allowed under applicable case law.[3]  According to respondents, because Ellis's conviction became final in 2000 -- **after** the effective date of the statute of limitations

---

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]Subsection (d) of 28 U.S.C. § 2244 was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

-- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Although Ellis filed state post-conviction petitions on June 13, 2001 and August 12, 2002, Respondents a assert that the federal limitation period expired prior to his filing the present federal habeas petition. S*ee Webster*, 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333, 1335. n.4.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. By operation of law, Ellis's 1999 conviction became final on 16 November 2000 -- ninety days after the Alabama Supreme Court's entry of judgment affirming the convictions, i.e., the date on which the time expired for Ellis to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward any period of limitation under this section." The records before the court reflect that the limitation period ran for 208 days after Ellis's conviction became final on 16 November 2000 until he filed his first Rule 32 petition on 13 June 2001.[4] The petition remained pending in the state courts until 7 May 2002 when the Alabama Court of Criminal Appeals issued a certificate of judgment affirming the lower court's decision to deny the Rule 32 petition.

The limitation period commenced to run again on 8 May 2002 and ran an additional 96 days before Ellis filed a second Rule 32 petition on 12 August 2002. By order dated 21 October 2002 the state court denied Ellis's second post-conviction petition. On 22 August 2003 the Alabama Court of Criminal Appeals affirmed this decision and issued a certificate of judgment on 7 November 2003. (*See* Doc. No. 8, Exhs. 6-14.) As of that date, a total of 304 days of the applicable limitation period had expired, leaving only 61 days for Ellis to file a timely federal habeas petition. Thus, the time allowed Ellis to file a federal habeas petition expired on 7 January 2004; he did not file it until 19 January 2004, after the federal limitation period under § 2244(d)(1) expired.[5]

The limitation period "may be equitably tolled" on grounds apart from those specified

---

[4] This post-conviction petition and accompanying request for *pauper* status were stamped "filed" in the Circuit Court for Montgomery County, Alabama, on June 15, 2001. (*See* Doc. No. 8, Exh. 6.)

[5] Although the present petition was stamped "filed" in this court on January 22, 2004, the petition was executed and signed by Ellis on January 19, 2004. Consequently, January 19, 2004 is deemed the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

In his response to the respondents' answer, Ellis argues that his habeas corpus petition should be considered timely because the court should compute the limitation period applicable to the instant petition by using 26 July 2002 as the filing date of his second Rule 32 petition. (*See* Doc. Nos. 11, 15.) Ellis maintains that this date is the date he signed, executed, and delivered his second Rule 32 petition to prison authorities for mailing. (*Id*.)

The dates utilized by the court in determining the filing dates of Ellis's Rule 32 petitions are based on information contained in the record before it. Although Ellis's first Rule 32 petition was stamped "filed" in the Montgomery County Circuit Court on 15 June 2001, and his second Rule 32 petition was stamped "filed" in that court on 14 August 2001, it appears from the evidentiary material filed herein that Ellis presented these petitions to the prison authorities for mailing on 13 June 2001 and 12 August 2002 respectively. (*See* Doc. No. 8, Exh 6, pg. 9, Exh. 10A, pg. 30 - reflecting handwritten "affidavit of substantial hardship" signed by Ellis on August 12, 2002.) Although both of Ellis's Rule 32 petitions actually contain varying signature dates, either with respect to the petitions themselves or

the accompanying requests for *pauper* status and/or affidavits in support thereof, "absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Ellis's Rule 32 petitions] w[ere] delivered to prison authorities the day [Ellis] signed" those documents attached to the petition. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also Houston v Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

In the absence of evidence to the contrary, the court finds that Ellis's Rule 32 petitions were delivered to prison officials for mailing on the day he signed those documents attached to his petition. The evidence in this case shows that the documents attached to Ellis's second Rule 32 petition were in his possession as of 12 August 2002 and it was on that date when he delivered his second post-conviction petition and the documents attached thereto to prison authorities for mailing. The second Rule 32 petition, and all documents attached thereto, were filed together in the Montgomery County Circuit Court on 14 August 2002. Consequently, the court concludes that Ellis filed his second Rule 32 petition on 12 August 2002 and no earlier.

Based on the foregoing analysis, the court concludes that Ellis has failed to assert any credible ground for either equitable or statutory tolling of the limitation period until he filed this cause of action. Consequently, the undersigned finds that there is no basis upon which to extend the one-year deadline and that Ellis has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is

appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by William Leon Ellis be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **21 March 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of March 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE